kaw

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES,                          )
                                        )
                        Plaintiff,      )
                                        )
            vs.                         )
                                        )
SPENCER JONES,                          )          Case No. 97-20005-01-JAR
                                        )
                        Defendants.     )
_____)

## MEMORANDUM AND ORDER

This Court now considers defendant Spencer Jones' Motion to Modify his Sentence

Pursuant to 18 U.S.C. § 3582 (c)(2) (Doc. 211).  For the reasons below, his Motion is denied.

### BACKGROUND

In January 1997, defendant Spencer Jones was charged with two counts of distributing

11.1 grams and 37.4 grams of crack cocaine, a schedule II controlled substance, in violation 21

U.S.C. § 841(a)(1).  Later in April 1997, he was charged with an additional count of distributing

13.5 grams of crack cocaine and one count of possessing a firearm with that offense.  He pled

guilty to the distribution of 11.1 grams and 37.4 grams of crack cocaine in violation of 21 U.S.C.

§ 841(a)(1).  The remaining counts were dismissed as a part of his plea agreement.

A few days after signing the plea agreement, defendant filed a motion to withdraw his

plea of guilty and the court[1] refused, explaining that defendant had entered his plea of guilty

voluntarily.  During his sentencing hearing, defendant objected to the pre-sentencing report

("PSR"), and without making specific findings regarding those objections, the court sentenced

_____

[1]This case was originally assigned to Judge Saffels, who has since passed away.  It was later reassigned to
this judge.

him to 324 months based on a base offense level of 37.  Defendant appealed and the Tenth Circuit Court of Appeals remanded the case so that the district court could make specific findings on defendant's objections to the PSR.[2]  After the district court reviewed the PSR, defendant was assigned a base offense level of 32 instead of 37.  The PSR also stated that defendant possessed a firearm during the April 1997 drug transaction, resulting in a 2-level increase of the base offense level under U.S.S.G. § 2D1.1(b)(1).  The PSR placed him in the guidelines range of 210-262 months, and the court sentenced him to 210 months.

Defendant appealed again, this time claiming that there was insufficient evidence to show that he possessed a firearm during the April 1997 drug transaction.  On appeal, the Tenth Circuit held that the district court did not err and that there was sufficient evidence, including a tape recording and personal testimony of defendant and another witness.[3]  Defendant then petitioned the Supreme Court for review and certiorari was denied.[4]  Defendant then filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255 and the district court dismissed the motion because the statute of limitations had run.  After the denial, he sought a certificate of appealability, which was denied in September 2004.  Now, three years later, defendant, again *pro se* files a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2).  For the reasons set forth below, defendant's motion is denied.

## APPLICABLE LAW

"A district court does not have inherent authority to modify a previously imposed

---

[2]*United States v. Jones*, 168 F.3d 1217, 1222 (10th Cir. 1999).

[3]*United States v. Jones*, No. 99-3332, 2000 WL 1089533 at *4 (10th Cir. Aug. 4, 2000).

[4]*Jones v. United States*, 531 U.S. 1043 (2000).

sentence; it may do so only pursuant to statutory authorization."[5]  As the Tenth Circuit

explained:

> A district court is authorized to modify a Defendant's sentence
> only in specified instances where Congress has expressly granted
> the court jurisdiction to do so.  Section 3582(c) of Title 18 of the
> United States Code provides three avenues through which the
> court may "modify a term of imprisonment once it has been
> imposed."  A court may modify a sentence: (1) in certain
> circumstances "upon motion of the Director of the Bureau of
> Prisons;" (2) "to the extent otherwise expressly permitted by
> statute or by Rule 35 of the Federal Rules of Criminal Procedure;"
> or (3) *"upon motion of the defendant or the Director of the Bureau
> of Prisons," or on the court's own motion in cases where the
> applicable sentencing range "has subsequently been lowered by
> the Sentencing Commission.*"[6]

If the defendant's argued basis does not fall within one of these three limited avenues under

§ 3582(c), the Court is without jurisdiction to consider the defendant's request.[7]

Because defendant is a *pro se* litigant, the Court must construe his pleadings liberally and

apply a less stringent standard than that which is applicable to attorneys.[8]  However, the Court

may not provide additional factual allegations "to round out a [defendant's motion] or construct

a legal theory on [his] behalf."[9]  The Court need only accept as true [defendant's] "well-pleaded

factual contentions, not his conclusory allegations."[10]  Additionally, a *pro se* litigant is not

---

[5]*United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[6]*United States v. Blackwell*, 81 F.3d 945, 947-48 (10th Cir. 1996) (citations and footnote omitted) (emphasis added).  Congress twice amended 18 U.S.C. § 3582, in 1996 and 2004; neither of these amendments substantively affects the Tenth Circuit's analysis.

[7]*United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997).

[8]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[9]*Id.*

[10]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

excused from complying with the rules of the Court and is subject to the consequences of noncompliance.[11]

### AMENDMENT 433 & 599 TO THE U.S.S.G.

Liberally construing defendant's motion, it appears that defendant argues that amendment 433 to the sentencing guidelines retroactively provides that a "crime of violence" does not include unlawful possession of a firearm by a felon.[12]  Defendant is correct.  But, the Court fails to see how that would affect defendant's sentence.  The amendment was published November 1991, while defendant was sentenced in 1997.  Moreover, amendment 433 to the guidelines focuses on section 4B1.2(2) and section 2K2.1, neither of which were applied in calculating defendant's sentence.

Next, defendant contends that amendment 599, published in November 2000, should be retroactively applied to his case.  He claims that application of U.S.S.G. § 2D1.1(b)(1) to his base offense level was incorrect.  Section 2D1.1(b)(1) mandates an increase in the offense level if defendant possessed a firearm during the commission of a drug offense.[13]  Amendment 599, however, amended section 2K2.4 of the Sentencing Guidelines.  The new version explains that an enhancement for possession of a firearm during an offense of conviction under 18 U.S.C. § 924 should not be assessed because section 924 accounts for the possession of weapons.[14]  The problem, again, with defendant's argument is that he was not convicted under section 924;

---

[11]*Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[12]*See* U.S. SENTENCING GUIDELINES MANUAL, app. C, amendment 433 (2003).

[13]There was sufficient evidence, as explained by the Tenth Circuit Court, to find that defendant possessed a firearm during the April 1997 drug transaction. *United States v. Jones*, No. 99-3332 2000 WL 1089533 at *1 (10th Cir. Aug. 4, 2000).

[14]U.S. SENTENCING GUIDELINES MANUAL, app. C, amendment 599 (2003).

rather, he was convicted under 21 U.S.C. § 841.  Because defendant was not sentenced under either guideline modified by amendments 433 or 599, section 3582(c) is not applicable.[15]

## BOOKER v. UNITED STATES

In *United States v. Booker*[16], the Supreme Court made clear that the sentencing guidelines are no longer mandatory.[17]  Additionally, in *United States v. Hicks*[18], the Ninth Circuit Court of Appeals held that *Booker* applies to section 3582–meaning that when the Sentencing Commission has made a change to the guidelines, district courts may modify a sentence within the discretion afforded by *Booker*.[19]  The issue defendant argues here, is one rejected by the Tenth Circuit and a majority of the other Circuits.[20]  Defendant asserts that because *Booker* made the guidelines advisory, he should be granted a section 3582(c)(2) re-sentencing.  Defendant is incorrect.

Only the Sentencing Commission may make a change that falls under section 3582.  The statute reads: "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the *Sentencing Commission* pursuant to 28 U.S.C. § 994(o), upon a motion of the defendant . . . , the court may reduce the

---

[15]*United States v. Armstrong*, 347 F.3d 905, 907 (11th Cir. 2003) (explaining that before a court can modify a sentence pursuant to section 3582(c), it must first find an amendment to the sentencing guideline that has lowered the guidelines range for that sentence).

[16]543 U.S. 220 (2005).

[17]*United States v. Booker*, 543 U.S. 220, 249 (2005).

[18]472 F.3d 1167 (9th Cir. 2007).

[19]*Hick*, 472 F.3d at 1169.

[20]*See United States v. Price*, 438 F.3d 1005, 1006 (10th Cir. 2006); *see also Hayes v. United States*, 141 F. App'x 463, 464 (7th Cir. 2005); *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005); *United States v. Sanchez*, 140 F. App'x 409, 410 (3d Cir. 2005)*; United States v. Rolle*, No. 05-7554, 2006 WL 177596, at *1 (4th Cir. Jan. 25, 2006).

term of imprisonment . . . ."[21]  In this case, there have been no changes made by the Sentencing

Commission that affect defendant's sentence.  And, because *Booker* does not give courts

retroactive authority to change sentences, section 3582(c) does not come into play until there has

been a change in the guidelines that affect defendant's sentence.  Once there has been such a

change in the guidelines, section 3582(c) can be invoked to grant the court the authority to re-

sentence using the guidelines as advisory.[22]  Thus, defendant's contention again fails, and this

Court cannot modify his sentence.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to

Modify his Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 211) is **DENIED**.

**IT IS SO ORDERED.**

Dated this  17th  day of September 2007.

 s/ Julie A. Robinson
Julie A. Robinson
United States District Judge

---

[21]18 U.S.C. § 3582(c)(2) (emphasis added).

[22]*See Hicks*, 472 F.3d at 1172.